The final case we will have argued this morning is Velez v. United States. The case is side A v. United States. Ladies and Gentlemen, please stand fortem. And I represent Mr. Velez and Mr. DeJesus. The main issue in this appeal is whether or not attempted Hobbs Act robbery is a crime of violence. Is there anything left to that after Ingram? Well, as I pointed out in my 28-J letter, we've got Ingram. I would like to think that if the court had had the benefit of our briefs, which were much more comprehensive than the briefs of Ingram, it would have come to a different result. But Ingram is what it is. That is correct. We're not particularly likely to overrule a week-old case. I understand all of that fully, Your Honor. I am here to preserve our record and make sure that nobody can ever say, oh, we heard about Ingram and we said, oh, never mind. We're not saying, oh, never mind. Understood. Your position is preserved. Unless the court has some other questions, I'll sit down. By the way, have any courts now, other than our court in Ingram and the 11th Circuit, passed on this issue? I mean courts of appeals. I don't believe so. I looked about a week ago and I didn't see anything. I'll ask the same question as Ms. Bonamici. Thank you, Your Honor. Mr. Beal, I will ask you the same question. After Ingram, is there any conceivable thing left? Not that I'm aware of. I mean, I would adopt what Mr. Tice just told you and simply point out that my client's in a, actually, worse position. He's in a worse position because of the drug conviction. Exactly. So, yes, it's the old line, you were advised to smile because things could be worse. So you smiled, and sure enough, they got worse. That's right, and so I'm, at this point, I'm then invoking the first do-no-harm rule in terms of continuing to go. And so, the court seems to be aware, a little bit of an unusual position, because what's pending before the court is my, what I characterize as an Anders brief, and the court characterizes that can't be an Anders brief, not only because the district court has already found there's a serious issue, that's the Certificate of Appealability, but also because Anders goes with cases in which there is counsel as of right under the Constitution, and that's not true on 2255. So you've characterized it as a motion to withdraw the Certificate of Appealability. Well, to vacate, and I take it no such motion has ever been filed. Right, and I didn't file that. So that's where we are. That's right, and in addition, the defendant filed a pro se merits brief, which the court accepted, so that's actually in the record. But there's nothing in there that I feel needs to be further elaborated on. Understood. So, that kind of concludes what I have to say, since I'm not going to argue against my client's interest. I understand that completely. Thank you. Ms. Bonamici, I'm sure that you're going to say that Ingram resolves all that needs to be resolved. Are there any circuits other than ours and the 11th that have addressed the classification of attempted Hobbs Act robbery? Not that I'm aware of, Your Honor, not at this point. I checked also about a week ago, and I didn't see anything. I did not check after Ingram, so there might be something more recent, but I do agree, and I agree that that resolves the only possible issue in the case sufficiently. So, if the court has no further questions, we would ask that you refer them. Okay. Thank you. Thank you very much. The case is taken under advisement, and the court will be in recess.